**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **JOSH JOHNSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO.: 2:26-CV-428-BL-SMD** |
| | ) | |
| **GRAY LOCAL MEDIA GROUP, INC. d/b/a WSFA,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

**ANSWER TO STATEMENT OF COUNTERCLAIMS**

**COMES NOW** Plaintiff Josh Johnson ("Johnson") and answers the numbered paragraphs of Defendant/Counter-Plaintiff Gray Local Media Group, Inc. d/b/a WSFA's ("WSFA"), Statement of Counterclaims ("Counterclaim), (Doc. 12), as follows:

**INTRODUCTION**[1]

1. Johnson admits that he was employed by WSFA for approximately 18 years; otherwise, Johnson denies the remaining allegations contained in Paragraph 1 of the Counterclaim. Strict proof is demanded thereof.

[1] Johnson employs the section headings from the Defendant/Counter-Plaintiff's Statement of Counterclaims as a matter of convenience for the Court and Parties. The use of those headings shall not be construed as an admission by Johnson or a waiver of any objection or denial that Johnson may have to Defendant/Counter-Plaintiff's allegations.

2. Johnson admits that he and WSFA entered into various employment agreements. Johnson denies the remaining allegations contained in Paragraph 2 of the Counterclaim and states that the various agreements speak for themselves. Strict proof is demanded thereof.

3. Johnson admits that he received a clothing allowance, was allowed to attend meteorology conferences paid by his employer, and was allowed to adjust his work schedule. Johnson denies the remaining allegations contained in Paragraph 3 of the Counterclaim. Strict proof is demanded thereof.

4. Johnson admits that he maintained his own social media accounts, including "a YouTube channel, Facebook page, Instagram account, X (formerly Twitter) account, and TikTok account[.]" Otherwise, Johnson denies the remaining allegations contained in Paragraph 4 of the Counterclaim. Strict proof is demanded thereof.

5. Admitted.

6. Johnson admits that he registered a website domain entitled "joshjohnsonweather.com" and opened a TikTok account prior to his departure from WSFA. Otherwise, Johnson denies the remaining allegations contained in Paragraph 6 of the Counterclaim. Strict proof is demanded thereof.

7. Admitted.

8. Denied. Strict proof is demanded thereof.

9. Johnson admits that the "joshjohnsonweather.com" website mentions on the homepage that it is "launching soon[.]" Otherwise, Johnson denies the remaining allegations contained in Paragraph 9 of the Counterclaim. Strict proof is demanded thereof.

10. Denied. Strict proof is demanded thereof.

## PARTIES, JURISDICTION, AND VENUE

11. Upon information and belief, admitted.

12. Admitted.

13. Admitted.

14. Admitted.

## FACTUAL ALLEGATIONS

### I. Johnson Executed the Agreement as a Term and Condition of His Employment.

15. Admitted.

16. The document speaks for itself. Strict proof is demanded thereof.

17. The document speaks for itself. Strict proof is demanded thereof.

18. The document speaks for itself. Strict proof is demanded thereof.

19. The document speaks for itself. Strict proof is demanded thereof.

20. The document speaks for itself. Strict proof is demanded thereof.

21. The document speaks for itself. Strict proof is demanded thereof.

22. The document speaks for itself. Strict proof is demanded thereof.

## II. Johnson Planned to Start a Competing Business While Still Employed at WSFA.

23. Denied. Strict proof is demanded thereof.

24. Denied. Strict proof is demanded thereof.

25. Johnson admits that his activity on YouTube increased, and, upon information and belief, admits that he posted 40 YouTube videos between December 2025 and May 2026. Otherwise, Johnson denies the remaining allegations contained in Paragraph 25 of the Counterclaim. Strict proof is demanded thereof.

26. Johnson admits that he increased the number of “shorts” he posted to YouTube, and, upon information and belief, admits that he posted 91 “shorts” to YouTube between December 2025 and May 2026. Otherwise, Johnson denies the remaining allegations contained in Paragraph 26 of the Counterclaim. Strict proof is demanded thereof.

27. Denied. Strict proof is demanded thereof.

28. Admitted.

29. Johnson admits that he removed WSFA’s Digital Content Manager’s administrator access from his social media accounts. Johnson denies that he lacked authority to modify account permissions. Johnson denies the remaining allegations contained in Paragraph 29 of the Counterclaim. Strict proof is demanded thereof.

30. Johnson admits that WSFA operates and maintains its own social media accounts. Otherwise, Johnson denies the remaining allegations contained in Paragraph 30 of the Counterclaim. Strict proof is demanded thereof.

31. Johnson admits that various social media postings contained mentions of WSFA; however, Johnson, since his departure from WSFA, has in good faith attempted to remove all social media postings that relate in any way to WSFA. Otherwise, Johnson denies the remaining allegations contained in Paragraph 31 of the Counterclaim. Strict proof is demanded thereof.

32. Johnson admits that he has monetized the content he has posted on his Facebook page. Otherwise, Johnson denies the allegations contained in Paragraph 32 of the Counterclaim. Strict proof is demanded thereof.

33. Denied. Strict proof is demanded thereof.

34. Admitted.

## CAUSES OF ACTION

## COUNT I

## BREACH OF CONTRACT—NON-COMPETE

35. Johnson reasserts and incorporates by reference his responses to Paragraphs 1-10 and 15-34 as if specifically set out herein.

36. The document speaks for itself. Otherwise, Johnson denies the allegations contained in Paragraph 36 of the Counterclaim. Strict proof is demanded thereof.

37. Johnson admits that his duties as Chief Meteorologist included him delivering various weather content within WSFA's DMA. The document speaks for itself. Strict proof is demanded thereof.

38. The document speaks for itself. Strict proof is demanded thereof.

39. Denied. Strict proof is demanded thereof.

40. Denied. Strict proof is demanded thereof.

41. Denied. Strict proof is demanded thereof.

42. Denied. Strict proof is demanded thereof.

## COUNT II

## BREACH OF CONTRACT—PROPERTY RIGHTS

43. Johnson reasserts and incorporates by reference his responses to Paragraphs 1-10 and 15-34 as if specifically set out herein.

44. The document speaks for itself. Strict proof is demanded thereof.

45. The document speaks for itself. Strict proof is demanded thereof.

46. Denied. Strict proof is demanded thereof.

47. Denied. Strict proof is demanded thereof.

48. Denied. Strict proof is demanded thereof.

49. Denied. Strict proof is demanded thereof.

**COUNT III**

**CONVERSION**

50. Johnson reasserts and incorporates by reference his responses to Paragraphs 1-10 and 15-34 as if specifically set out herein.

51. Denied. Strict proof is demanded thereof.

52. Denied. Strict proof is demanded thereof.

53. Denied. Strict proof is demanded thereof.

54. Denied. Strict proof is demanded thereof.

55. Denied. Strict proof is demanded thereof.

56. Denied. Strict proof is demanded thereof.

**COUNT IV**

**BREACH OF DUTY OF LOYALTY**

57. Johnson reasserts and incorporates by reference his responses to Paragraphs 1-10 and 15-34 as if specifically set out herein.

58. Admitted.

59. The document speaks for itself. Strict proof is demanded thereof.

60. The document speaks for itself. Strict proof is demanded thereof.

61. Johnson admits he increased the number of times he posted to YouTube. Otherwise, Johnson denies the remaining allegations contained in Paragraph 61 of the Counterclaim. Strict proof is demanded thereof.

62. Denied. Strict proof is demanded thereof.

63. Denied. Strict proof is demanded thereof.

64. Denied. Strict proof is demanded thereof.

**COUNT V**

**TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT**

**(15 U.S.C. § 1114)**

65. Johnson reasserts and incorporates by reference his responses to Paragraphs 1-10 and 15-34 as if specifically set out herein.

66. Johnson lacks knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 66 of the Counterclaim. To the extent any allegations are stated against Johnson, they are denied. Strict proof is demanded thereof.

67. Johnson admits that various of his social media postings, made prior to his departure, contained mentions of WSFA; however, Johnson, since his departure from WSFA, has in good faith attempted to remove all social media postings that relate in any way to WSFA. Otherwise, Johnson denies the remaining allegations contained in Paragraph 67 of the Counterclaim. Strict proof is demanded thereof.

68. Denied. Strict proof is demanded thereof.

69. Denied. Strict proof is demanded thereof.

**WHEREFORE, PREMISES CONSIDERED**, Johnson denies that WSFA is entitled to any damages or relief whatsoever, whether monetary damages, punitive damages, attorney's fees, injunctive relief, declaratory judgment, or any other equitable relief. Johnson expressly denies that he has violated any federal or state law on any occasion whatsoever.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Counterclaim, in whole or in part, fails to state sufficient to constitute a claim upon which relief may be granted.

### SECOND DEFENSE

The restrictive covenant upon which WSFA relies is void, unenforceable, overbroad, unreasonable, and/or otherwise fails to satisfy the requirements of Alabama's restrictive covenant statute.

### THIRD DEFENSE

WSFA lacks a protectable interest sufficient to justify the restraint at issue.

### FOURTH DEFENSE

The restrictions of the restrictive covenant issue exceed what is reasonably necessary to protect any legitimate business interest.

**FIFTH DEFENSE**

The restrictions of the restrictive covenant at issue impose an undue hardship on Johnson.

**SIXTH DEFENSE**

The restrictions of the restrictive covenant at issue constitute an unlawful restraint of trade.

**SEVENTH DEFENSE**

The restrictions of the restrictive covenant at issue attempt to prohibit lawful competition beyond what Alabama law permits.

**EIGHTH DEFENSE**

Johnson denies that he engaged in conduct constituting prohibited competitive activity under the Agreement.

**NINTH DEFENSE**

Any activities undertaken by Johnson were lawful preparatory activities, personal activities, protected communications, or activities that do not constitute competition as defined by the Agreement or applicable law.

**TENTH DEFENSE**

WSFA's claims are barred, in whole or in part, because the Agreement expired by its own terms and any restriction asserted by WSFA either did not survive

expiration, was not properly preserved, was waived, or is otherwise unenforceable as applied to Johnson's post-employment conduct.

**ELEVENTH DEFENSE**

WSFA voluntarily, knowingly, and intentionally waived one or more rights it now seeks to enforce by its acts, omissions, course of dealing, acquiescence, permission, encouragement, or failure to timely object to Johnson's conduct.

**TWELFTH DEFENSE**

WSFA's claims are barred by equitable estoppel because Johnson reasonably relied upon WSFA's conduct, representations, permissions, practices, or omissions concerning social media activity, content creation, audience engagement, account management, or other matters at issue.

**THIRTEENTH DEFENSE**

The Counterclaims are barred to the extent Johnson acted with actual authority, apparent authority, implied authority, consent, acquiescence, or authorization from WSFA.

**FOURTEENTH DEFENSE**

WSFA's claims for equitable relief are barred, in whole or in part, under the doctrine of unclean hands. WSFA has engaged in conduct relating to the matters at issue that renders equitable relief inappropriate.

**FIFTEENTH DEFENSE**

WSFA's claims are barred, in whole or in part, because WSFA materially breached its obligations under the Agreement and/or applicable law prior to any alleged breach by Johnson.

**SIXTEENTH DEFENSE**

WSFA cannot prevail on its property-rights, conversion, or trademark-based claims because it does not own, exclusively own, or possess all rights it claims in the social media accounts, account access, content, likenesses, names, goodwill, audience relationships, or other property at issue.

**SEVENTEENTH DEFENSE**

The conversion claim is barred as a matter of law because the property allegedly converted consists, in whole or in part, of intangible rights and contractual interests that are not subject to a conversion claim under Alabama law.

**EIGHTEENTH DEFENSE**

The conversion claim is duplicative of WSFA's contract claims and improperly attempts to recast an alleged breach of contract as a tort.

**NINETEENTH DEFENSE**

To the extent WSFA seeks tort recovery for duties arising solely from the Agreement, those claims are barred because the alleged duties and remedies sound in contract rather than tort.

**TWENTIETH DEFENSE**

Johnson did not violate any duty of loyalty because he made preparations to compete in the future with a former employer, which does not violate Alabama law.

**TWENTY-FIRST DEFENSE**

The activities alleged by WSFA constitute lawful preparations and do not establish a breach of any fiduciary duty or loyalty-based duty.

**TWENTY-SECOND DEFENSE**

WSFA's Counterclaim fails to identify use of confidential information including use of trade secrets, taking of confidential databases, use of confidential marketing plans, and misappropriation of any proprietary weather methodologies.

**TWENTY-THIRD DEFENSE**

WSFA has not alleged facts demonstrating that Johnson used, disclosed, retained, or misappropriated any trade secret or legally protected confidential information.

**TWENTY-FOURTH DEFENSE**

Any information allegedly possessed by Johnson was publicly available, generally known, independently developed, retained in memory through general experience and skill, or otherwise not protectable.

**TWENTY-FIFTH DEFENSE**

The Lanham Act claim is barred, in whole or in part, because any reference to WSFA, if any occurred, constituted nominative fair use, descriptive fair use, truthful identification of Johnson's prior employment, protected speech, or other non-infringing use.

**TWENTY-SIXTH DEFENSE**

WSFA cannot establish the essential element of likelihood of consumer confusion.

**TWENTY-SEVENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because any alleged consumer confusion resulted from Plaintiff's own post-termination conduct rather than any act or omission by Johnson.

**TWENTY-EIGHTH DEFENSE**

Any use allegedly made by Johnson does not create a likelihood that consumers would believe Johnson's services are sponsored by, affiliated with, endorsed by, or connected with WSFA.

**TWENTY-NINTH DEFENSE**

WSFA's trademark claims are barred, in whole or in part, by abandonment, acquiescence, failure to police, implied license, consent, or other limitations upon trademark enforcement.

**THIRTIETH DEFENSE**

WSFA failed to exercise reasonable diligence to mitigate its alleged damages and therefore may not recover damages that could have been avoided through reasonable efforts.

**THIRY-FIRST DEFENSE**

WSFA is not entitled to injunctive relief because it has an adequate remedy at law and cannot establish immediate or irreparable harm.

**THIRTY-SECOND DEFENSE**

Any alleged injury is speculative, compensable through monetary damages, self-inflicted, or unsupported by competent evidence.

**THIRTY-THIRD DEFENSE**

Any alleged injury or damages claimed by WSFA are nominal, de minimis, speculative, uncertain, self-inflicted, unsupported by competent evidence, compensable through monetary damages, or otherwise unrecoverable. Accordingly, WSFA cannot establish irreparable harm or any entitlement to equitable relief.

**THIRTY-FOURTH DEFENSE**

Even if portions of the Agreement at issue may be blue-penciled or revised, the Court should not rewrite the Agreement so extensively that it creates an entirely new covenant.

**THIRTY-FIFTH DEFENSE**

Johnson reserves the right to assert additional affirmative defenses that become apparent through investigation and discovery.

**THIRTY-SIXTH DEFENSE**

To the extent the Conversion claim is based upon ownership, control, copying, use, retention, display, distribution, or exploitation of copyrighted content, such claim is preempted by the Copyright Act, 17 U.S.C. § 301.

**THIRTY-SEVENTH DEFENSE**

WSFA's claims fail to the extent they depend upon an assumption that WSFA owns the social media accounts, usernames, followers, audience relationships, login credentials, or account goodwill at issue.

**THIRTY-EIGHTH DEFENSE**

Any alleged use of the WSFA Marks by Johnson was not trademark use in commerce and therefore does not constitute actionable infringement under the Lanham Act. To the extent the WSFA Marks appeared in any content after Johnson's employment ended, such appearance was incidental, historical, archival, descriptive, nominative, or otherwise non-infringing, including truthful references to Johnson's prior employment and previously created content. Such use was not likely to cause confusion regarding source, sponsorship, affiliation, endorsement, or approval.

## THIRTY-NINTH DEFENSE

WSFA cannot establish that any act or omission by Johnson proximately caused the damages alleged.

Respectfully submitted this the 10th day of August 2026.

*/s/ Caitlin E. Cobb*
**CHRISTOPHER W. WELLER (6640-W81C)**
**CAITLIN E. COBB (2959-B63E)**
***Attorneys for Plaintiff***

**OF COUNSEL:**
**CAPELL & HOWARD, P.C.**
150 South Perry Street (36104)
Post Office Box 2069
Montgomery, AL 36102-2069
Telephone: (334) 241-8000
Facsimile: (334) 323-8888
Email: Chris.Weller@chlaw.com
Email: Caitlin.Cobb@chlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of August 2026, I electronically submitted the foregoing to all counsel of record as indicated below:

David L. Warren, Jr.
Michael C. Guarino
OGLETREE DEAKINS P.C.
420 20th Street North, Suite 1900
Birmingham, AL 35203
T: 205-328-1900
F: 205-328-6000
David.warrren@ogletree.com
Michael.guarino@ogletree.com

/s/ *Caitlin E. Cobb*
**OF COUNSEL**